UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| RITA DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 06-04-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, Commissioner of Social Security, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Rita Daniel ("Daniel") and Defendant Jo Anne Barnhart, Commissioner of Social Security ("Commissioner"). [Record Nos. 9 and 10] Through this action, Daniel seeks to reverse the decision of an administrative law judge ("ALJ") concluding that she was not entitled to a period of disability, Disability Insurance Benefits and Supplemental Security Income.[1] However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Daniel.

---

[1] The Plaintiff's complaint does not seek review of the ALJ's decision regarding the Supplemental Security Income. [Record No. 2] However, because the current application under review requested Supplemental Security Income and the Commissioner's Motion for Summary Judgment [Record No. 10] addresses this issue, this Court will review the ALJ's denial of the Supplemental Security Income in addition to the denial of disability and Disability Insurance Benefits.

I.      BACKGROUND

Daniel filed her current application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Social Security Income payments on March 6, 2003.[2] This claim was denied initially and upon reconsideration. Thereafter, Daniel requested a hearing before an Administrative Law Judge ("ALJ").

On January 13, 2004, a hearing was conducted before ALJ Andrew J. Chwalibog. During this hearing, the ALJ heard testimony from Daniel and Leah Salyers, a vocational expert ("VE"). A supplemental hearing was held on April 28, 2004, at which time a subsequent physical examination was admitted into the record. Thereafter, the ALJ issued a decision denying benefits to Daniel. [See Transcript ("Tr."), pp. 10-21.] The ALJ concluded that Daniel retained the residual functional capacity to perform a significant range of heavy work. [Tr., p. 21] Daniel's request for review was denied by the Appeals Council on November 4, 2005. [Tr., pp. 5-7]

At the time of the hearing, Daniel was a 44 year-old individual with a seventh grade or "limited" education. [Tr., p. 14] She has past work experience as a fast food worker. [Tr., p. 14] Daniel alleges disability beginning November 15, 2002, due to vision problems, back pain, nerves, depression, and headaches. [Tr., p. 14] After a careful review and evaluation of the medical evidence of record and testimony at the hearing from the Claimant and the VE, as well as the subsequent physical examination records introduced at the supplemental hearing, the ALJ found that

---

[2] Plaintiff has filed two previous applications for Disability Insurance Benefits and Supplemental Security Income. Both claims were denied initially and upon reconsideration. The Claimant also requested Appeals Council review of both prior claims. The request for review of her first application was denied on March 23, 1984. The request for review of her second application was denied on February 6, 1997. [Tr., p. 13]

Daniel had the residual functional capacity to perform a significant range of heavy work and, therefore, was not disabled as defined in the Social Security Act and regulations. [Tr., p. 21]

## II. LEGAL STANDARD

A claimant's social security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.

First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a severe impairment. 20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity ("RFC") and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy

that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002), (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for social security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Wyatt v. Sec'y of Health and Human Services*, 974 F.2d 680, 683 (6th Cir. 1992). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*) (quotes and citations omitted).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893

F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

### III. DISCUSSION

Daniel's sole argument in this action is that the ALJ failed to take into consideration the lay witness testimony of a non-medical source as required by 20 C.F.R. § 404.1513(d)(4). Specifically, Daniel notes that, the ALJ's decision failed to indicate whether he considered the third party function report which contained statements of Daniel's daughter in which she offered her opinions as to Daniel's disabled status. The Commissioner asserts that, although the ALJ did not address the statements of Daniel's daughter in his decision, he did not err in failing to specifically articulate the weight he attached to the statements made by her. The Commissioner notes that the ALJ need not discuss every piece of evidence in order for the decision to be supported by substantial evidence in the record. The Commissioner further asserts that the statements made by Daniel's daughter in her function report are cumulative of evidence Daniel provided in her reports and testimony and, therefore, of limited value.

In *Higgs v. Bowen*, 880 F.2d 860 (6th Cir. 1988), the Sixth Circuit held that the Appeals Council did not err by failing to "spell out' in its opinion the weight it attached to lay witness testimony where the Appeals Council stated in its opinion stated that it "considered the entire record which was before administrative law judge, including the testimony at the hearing." In the instant case, the ALJ stated in his decision that "[a]fter careful consideration of the entire record," he could not concluded that Daniel was disabled. [Tr., p. 20] While Daniel acknowledges the *Higgs* decision, she argues that it is not dispositive of the issue inasmuch as the regulations have since been modified "to include a clearer statement about the consideration of evidence from sources other than 'acceptable medical sources.'" [Record No. 9, pp. 4-5] In response, the Commissioner asserts that even though *Higgs* was decided prior to the clarification of the regulations in 2000, it remains good law.

The regulations provide, in relevant part, that "[i]n addition to evidence from the acceptable medical sources . . . [the SSA] *may* also use evidence from other sources to show the severity of [a claimant's] impairment(s) and how it affects [the claimant's] ability to work . . . ." *See* 20 C.F.R. 416. 913(d) (emphasis added).[3] The language of the regulations is permissive. Thus, an ALJ is not required to consider lay witness or other non-medical source to determine a claimant's capacity to work.

In *Lashley v. Secretary of Health and Human Servs.*, 708 F.2d 1048, 1054 (6th Cir. 1983), the Sixth Circuit held that "[p]erceptible weight must be given to lay testimony where . . . it is fully supported by the reports of the treating physicians." Daniel's daughter stated that the Claimant

---

[3] Although the SSA clarified the regulations in 2000, the agency did not amend the regulations to provide that ALJs were required to consider and discuss a non-medical sources' opinion when it is contrary to, or inconsistent with, the medical evidence of record.

"has bad headaces [sic] + real bad nerve prooplens [sic] and back problems." This is the only statement provided in the function report. This statement is not supported by the objective medical evidence of record. Thus, the ALJ was not required to specifically address the statements made by Daniel's daughter.

### IV.   CONCLUSION

After reviewing the briefs submitted by the parties and the record before the ALJ, the Court finds that the ALJ's opinion was supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Claimant's Motion for Summary Judgment [Record No. 10] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 9] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 5th day of October, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge